OPINION OF THE COURT
Per Curiam.
Order entered April 3, 1997 (Marcy S. Friedman, J.), modified by granting that portion of defendants’ motion seeking to *82 strike plaintiffs demand for punitive damages; as modified, order affirmed, with $10 costs to defendants-appellants.
Even when viewed in the favorable light to which it is entitled on a motion to dismiss, the complaint fails to support a viable claim for punitive damages. Conspicuously absent from either the four comers of the complaint or the evidentiary material presented below (see, Guggenheimer v Ginzberg, 43 NY2d 268, 274-275) are any facts evidencing that the defendants’ conduct — in failing to disclose a presale repair to the plaintiffs Saab automobile — was part of a pattern of similar conduct directed at the public generally (see, New York Univ. v Continental Ins. Co., 87 NY2d 308, 315-316; Rocanova v Equitable Life Assur. Socy., 83 NY2d 603, 613). Plaintiffs general assertion that he was “only one of many members of the public who entered the defendant [dealer’s] showroom to purchase a ‘new’ car” is hardly sufficient to sustain a finding that defendants’ conduct constituted a public wrong. In this regard, the situation at bar is clearly distinguishable from that presented in BMW of N. Am. v Gore (517 US 559), where an automobile manufacturer was shown to have adopted a nationwide policy of nondisclosure of presale repairs, a policy implemented in connection with nearly 1,000 new car sales. To the extent that plaintiff now seeks to rely on the provisions of General Business Law § 396-p (5) — governing dealer disclosure of presale repairs of new motor vehicles — we note that no violation of this statute was pleaded in the complaint or shown in the record.
McCooe, J. P., and Freedman, J., concur.